UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM SCALES,<br><br>         Plaintiff,<br><br>   -against-<br><br>NYPD,<br><br>         Defendant. | 23-CV-9116 (DEH)<br><br>**VALENTIN ORDER** |

DALE E. HO, United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging an excessive force claim.  By an order issued October 30, 2023, Chief Judge Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  As set forth below, the Court (1) dismisses the claims against the New York City Police Department; (2) adds John Doe police officers from the 23rd precinct as defendants under Rule 21 of the Federal Rules of Civil Procedure; and (3) directs the New York City Law Department to identify the Doe defendants.

**STANDARD OF REVIEW**

  The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A.   **The New York City Police Department ("NYPD")**

Plaintiff's claims against the NYPD are dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

B.   **John Doe police officers**

Plaintiff alleges that on August 21, 2023, John Doe police officers from the 23rd precinct used excessive force while arresting him. ECF No. 1 ¶ III. In light of Plaintiff's *pro se* status, and clear intention to name NYPD police officers, the Court directs the Clerk of Court to add "John Doe Police Officers, 23rd precinct," as Defendants in the caption of the complaint, under Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the officers may wish to assert once they have been identified.

C.   **Identifying the Doe defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Law Department to identify the John Doe police officers. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the identity and badge number of each John

Doe whom Plaintiff seeks to sue here and the address where each defendant may be served. The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John Doe defendants. The second amended complaint will replace, not supplement, the first amended complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and issue the requisite order.

## CONCLUSION

The NYPD is dismissed from the action. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court directs the Clerk of Court to: (1) add as Defendants to the caption of the complaint "John Doe Police Officers, 23rd precinct," under Fed. R. Civ. P. 21; and (2) mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[1]

SO ORDERED.

Dated: April 9, 2024
New York, New York

DALE E. HO
United States District Judge

---

[1] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

| | | | |
|---|---|---|---|
| Address | City | State | Zip Code |

| | |
|---|---|
| Telephone Number | E-mail Address |

| | |
|---|---|
| Date | Signature |

**Click Here to Save**