UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SCALES,

                         Plaintiff,

        -against-

JOHN DOE POLICE OFFICERS, 23RD
PRECINCT,

                     Defendants.

23-CV-9116 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

Plaintiff, who is appearing *pro se*, alleges the use of excessive force by New York City Police Department ("NYPD") officers on August 21, 2023.  An order issued April 9, 2024, directed the NYPD to identify the officers involved in Plaintiff's arrest.  *See* ECF No. 11 (citing *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997)).  That order further directed Plaintiff to "file a second amended complaint naming the John Doe defendants" within thirty days of receiving this information.  *See id.*  That order also dismissed the NYPD from the case as a non-suable entity.  *See id.*

On April 16, 2024, Plaintiff filed a notice of interlocutory appeal of the dismissal of the NYPD.  *See* ECF No. 13 (appealing "[d]ismissal of case").

On June 6, 2024, the City of New York filed a letter on ECF identifying, on information and belief, the two officers who arrested Plaintiff in August 2023.  *See* ECF No. 14.  Under the terms of the April 9, 2024, order, Plaintiff was to file an amended complaint by July 8, 2024.  No amended complaint was filed.

Notwithstanding the appeal of the dismissal of the NYPD from this action, the Court retains jurisdiction and proceedings are not stayed.  Final judgment has not been entered in this case and the Court has not certified any issue for interlocutory appeal.  *See* 28 U.S.C. §§ 1291,

1292(b); *see also Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) ("Where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants."). Although the filing of a notice of appeal generally divests a district court of jurisdiction, the Second Circuit has found that "filing a plainly unauthorized notice of appeal" does not have the same effect. *United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996). The dismissal of the NYPD did not result in the entry of final judgment, meaning the April 9 order is not properly appealable. Accordingly, the Court retains jurisdiction and proceedings will continue.

It is hereby **ORDERED** that Plaintiff shall file the required amended complaint by **August 9, 2024.** An amended complaint form is attached to this order. If no such amended complaint is filed, this action may be dismissed for failure to prosecute.

SO ORDERED.

Dated:   April 9, 2024
         New York, New York

_____
               DALE E. HO
         United States District Judge

2